SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV15855355 | D2 FX | SUMMONS NO.<br>27753516 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

| DEMARKOS SIMMONS<br>VS | PLAINTIFF |
| CITY OF CLEVELAND, DIVISION OF<br>POLICE, ET AL. | DEFENDANT |

**SUMMONS**

CITY OF CLEVELAND
C/O BARBARA  A. LANGHENRY, LAW
DIRECTOR
601 LAKESIDE AVE.,
ROOM 106
CLEVELAND OH 44114

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

WILLIAM P. SMITH
29325 CHAGRIN BLVD.

SUITE 305
PEPPER PIKE, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

PETER J CORRIGAN
Do not contact judge. Judge's name is given for
attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE<br>Dec 9, 2015 |

By_____
Deputy

COMPLAINT FILED   12/08/2015





RECEIVED
DEC 10 2015
City of Cleveland
Department of Law

Exhibit A

CMSN130



After printing this label:

**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



## NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed:**
**December 8, 2015 22:26**

By: WILLIAM P. SMITH 0084596

Confirmation Nbr. 614269

DEMARKOS SIMMONS                                         CV 15 855355

vs.                                                      **Judge:**

CITY OF CLEVELAND, DIVISION OF POLICE, ET AL.

                                                         PETER J. CORRIGAN

**Pages Filed:** 11

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DEMARKOS SIMMONS<br>17803 Parkmount Avenue<br>Cleveland, Ohio 44135 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | COMPLAINT |
| -vs- | )<br>) | (Jury Demand Endorsed Hereon) |
| CITY OF CLEVELAND, DIVISION OF<br>POLICE, c/o Calvin Williams, Chief<br>1300 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>)<br>) | <u>Violations of 42 U.S.C. § 1983</u> |
| and | )<br>) | |
| THE CITY OF CLEVELAND<br>c/o Barbara A. Langhenry, Law Director<br>601 Lakeside Ave., Room 106<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| BRIAN CHARNEY, Badge #1700,<br>Individually and in his capacity as an<br>employee and/or apparent employee and/or<br>agent of the City of Cleveland.<br>c/o City of Cleveland, Division of Police,<br>Calvin Williams, Chief<br>1300 Ontario Street<br>Cleveland, Ohio 44113 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| JOHN LALLY, Badge #886,<br>Individually and in his Capacity as an | )<br>) | |

1

```
employee and/or apparent employee            )
and/or agent of the City of Cleveland        )
of Cleveland                                 )
c/o City of Cleveland, Division of Police,   )
Calvin Williams, Chief                       )
1300 Ontario Street                          )
Cleveland, Ohio 44113                        )
                                             )
        and                                  )
                                             )
DAVID SHAPIR0, Badge #879,                   )
Individually and in his capacity as an       )
employee and/or apparent employee and/or     )
agent of the City of Cleveland               )
c/o City of Cleveland, Division of Police,   )
Calvin Williams, Chief                       )
1300 Ontario Street                          )
Cleveland, Ohio 44113                        )
                                             )
        and                                  )
                                             )
JOHN DOE AND OR JANE DOE (1 – 10)            )
Any police officer and/or employee of the    )
City of Cleveland responsible for the        )
injuries to Demarkos Simmons                 )
(Names and addresses unknown)                )
                                             )
        Defendants.                          )
```

Now comes Plaintiff, Damarkos Simmons, and for his Complaint against Defendants,

states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    At all times pertinent hereto, Plaintiff  Simmons was a residents of Cuyahoga

County, Ohio.

2.    Venue of this action is proper in Cuyahoga County pursuant to Civil Rule 3

because the claim for relief arose within the county.

2

3.     Concurrent jurisdiction over claims arising from Defendants' violation of the civil rights of Plaintiff is conferred upon this Court by 42 U.S.C. §§ 1983, et seq.

4.     Concurrent jurisdiction over the state law claims is conferred upon this Court and the federal courts by 28 U.S.C. §1367.

5.     At all relevant times Defendants Jane Doe and or John Doe (1 – 10) were police officers and/or other employees of the City of Cleveland who held themselves out to the general public as being police officers and/or employees of the City of Cleveland. It is further believed that Defendants Jane Doe and or John Doe (1 – 10) were employees and/or apparent employees of the City of Cleveland. Despite the exercise of due diligence the Plaintiff has been unable to ascertain the true identity of these Defendants.

**FACTUAL ALLEGATIONS**

6.     On or about December 9, 2013, Plaintiff Simmons was driving in a vehicle that was lent to him, and to which he was given him the key, in order to drive to the store. Plaintiff Simmons was unaware that the vehicle, that he had been given a key to and permission to use was, in fact, reported as stolen. Plaintiff was pulled over by Defendant Charney who had run the vehicles license plate which came back as having been reported stolen.  Defendant Charney initiated a traffic stop and Plaintiff Simmons entered a driveway in compliance with the Defendant Charney's  commands.  Plaintiff Simmons became extremely anxious when Defendant Chaney approached the vehicle with a taser drawn and ordered him to turn the vehicle off. Plaintiff Simmons panicked and threw the vehicle into reverse and attempted to flee the scene. Plaintiff Simmons was unaware of the presence of Defendants Lally and Shapiro who had

3

arrived on the scene during the stop.  As Plaintiff Simmons drove away from the scene, according to police reports, Defendant Lally fired four shots at Plaintiff Simmons in the moving vehicle. Plaintiff was later transported to Metrohealth Medical Center for treatment of a gunshot wound to in his upper right back area. The bullet remains lodged in Plaintiff's back to this day.

7.      Plaintiff was wrongfully shot in the back by officer(s) of the Cleveland Police Departmment ("CPD"), on or about December 9, 2013, causing permanent physical and emotional injuries, which caused him great physical and emotional suffering, the consequential effects of this will cause him great physical and emotional harm into the future.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**POLICIES AND PROCEDURES**

8.      Plaintiff reincorporates all of the statements and allegations heretofore made as if expressly rewritten herein.

9.      Defendants were responsible for implementation and execution of written policies, procedures, and/or guidelines regarding citizens fleeing capture, even in felony situations.

10.     Despite the written policies mentioned in the prior paragraph, the City of Cleveland, and CPD personnel failed or refused to avoid situations in which perhaps innocent persons became involved in a police chase.

11.     Despite written policies and procedures, commonly accepted standards, and actual or constructive notice that these policies were being routinely ignored, the City of Cleveland, and CPD and final policy makers provided grossly inadequate training and supervision of their

4

personnel and officers, to ensure compliance with such policies, guidelines and minimally accepted practices concerning such policies as the appropriate response to reports of a missing person, especially witness reports.

12.     In furtherance of and or in addition to this custom, usage, and/or practice of failing to train and supervise, the City of Cleveland, and CPD and final policy makers failed to adequately investigate, discipline, or otherwise remediate officers or personnel who violated the City's own policies regarding the use of deadly force. In furtherance of and/or in addition to this custom, usage, and/or practice, the City of Cleveland, and CPD and final policy makers failed to adequately investigate, discipline, or otherwise remediate those involved and further condoned, acquiesced and ratified this misconduct.

13.     The Defendants' had actual or constructive notice that these failings were not being properly investigated, disciplined, or the wrongdoing otherwise remediated, yet failed to take necessary steps to address these unconstitutional customs, usages, and/or practices.

14.     The Defendants have been deliberately indifferent to the need for more or different training, rules and regulations, and supervision, despite the obvious risk that such deliberate lapses would lead to injury or death in the case of missing persons where time is of the essence.

15.     In furtherance of these customs, usages, and/or practices of failing to adequately investigate missing persons, the Defendants have caused or encouraged their personnel to violate the rights of citizens like Demarkos Simmons.

16.     The Defendants had actual and/or constructive knowledge, prior to and at the time of this incident, of the need for more or different training, rules, regulations, investigation and

5

discipline relating to personnel, and were deliberately indifferent to that need.

17. As a direct and proximate result of the Defendants' actions and omissions taken under color of state law, the Plaintiff was deprived of rights secured by the Fourteenth Amendment to the United States Constitution.

18. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe mental anguish and emotional distress, physical injuries, and pain and suffering,

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### CODE OF SILENCE

19. Plaintiff reincorporates all of the statements and allegations heretofore made as if expressly rewritten herein.

20. The "code of silence" is so deeply ingrained in the Defendants so as to constitute the actual customs, usages, and/or practices, and policies of the Defendants and have caused personnel to believe that they can violate the rights of citizens with impunity, and that their fellow personnel would conceal such conduct.

21. The Defendants maintain an inadequate system of reviewing personnel who withhold knowledge or give false information regarding misconduct by fellow City of Cleveland employees. The failure to identify and track such employees, or to discipline, more closely supervise, or retrain such personnel who engage in a "code of silence," causes the personnel to believe that they can engage in misconduct, secure in the knowledge that their fellows will neither intervene, nor give evidence against them. These systemic deficiencies include, but are not limited to:

> a. Preparation of investigative reports designed to vindicate the conduct of City personnel, or to give false information about the

6

misconduct of other City personnel, or to provide cover for those who falsely deny knowledge about misconduct which they were in a position to observe;

b. Preparation of investigative reports that uncritically rely solely on the word of City employees and systematically fail to credit testimony of non-employee witnesses;

c. Preparation of investigative reports which omit or ignore factual information and physical evidence which contradict the accounts of City personnel;

d. Issuance of public statements exonerating City personnel involved in such incidents prior to the completion of investigation;

e. Failure to have meaningful review of investigative reports by responsible superior staff, for accuracy or completeness, including consideration of the conduct of personnel who were not actively engaged in the misconduct which was the subject of the investigation, and acceptance of conclusions which are not supported by the evidence or which flatly contradict such evidence and even the reports themselves;

f. Failure to identify potential violations and maintain accurate records of allegations of such misconduct;

g. Withholding of facts and evidence;

h. Repeated attempts to improperly and falsely demonize or even arrest victims in order to influence public opinion and justify the Defendants' actions.

22.     As a result of conscious policy, the Defendants have empowered a state created danger and allowed the employment and retention of individuals who place the public or segments thereof at substantial risk of being victims. The Defendants had actual or constructive notice of the persistent and widespread practices of botching arrests, ignoring witnesses, and neglecting to conduct meaningful searches of crime, accident and other scenes.

23.     The foregoing acts, omissions, and systemic deficiencies concerning training,

Electronically Filed 12/08/2015 22:26 /  / CV 15 855355 / Confirmation Nbr. 614269 / CLLXS

supervision, screening, hiring, investigation, and discipline, were done in a wanton, reckless, deliberately indifferent, or malicious manner and constitute deliberate indifference by the Defendants and were the moving force behind and directly and proximately caused the constitutional and civil rights violations suffered by the Plaintiff.

24.     As a direct and proximate result of the Defendants' actions and omissions taken under color of state law, Plaintiff was deprived of rights secured by the Fourteenth Amendment to the United States Constitution.

25.     As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe mental anguish and emotional distress, physical injuries, pain and suffering.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### TRAINING AND SUPERVISION

26.     Plaintiff reincorporates all of the statements and allegations heretofore made as if expressly rewritten herein.

27.     At all times mentioned herein, Defendants employed personnel involved with respect to this Complaint.

28.     During all times relevant hereto, such personnel acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, processes, customs, usages, and/or practices of the Defendants. Such personnel deprived Plaintiff of the rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

29     As a direct and proximate result of the Defendants' actions and omissions taken under color of state law, Plaintiff was deprived of rights secured by the Fourteenth Amendment

8

to the United States Constitution.

30.    As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe mental anguish and emotional distress, physical injuries, and pain and suffering, and was wrongfully deprived of his life.

**WHEREFORE**, having fully pled, the Plaintiff Demarkos Simmons demands judgement against all of the Defendants, jointly and severally in an amount that exceeds $25,000.00, punitive damages, reasonable attorneys fees, all costs herein and any other damages the Court deems just and equitable.

Respectfully submitted,

_____//s William A. Carlin_____

_____//s William P. Smith_____
William A. Carlin, Esq. 0009144
William Smith, Esq. 0084596
29325 Chagrin Boulevard Suite 305
Pepper Pike, Ohio 44122
(216) 831-4935
(216)831-9526 (fax)
wcarlinesq@aol.com
attorneywilliamsmith@yahoo.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial before the maximum number of jurors permitted by law upon all issues so triable.

_____//s William A. Carlin_____
William A. Carlin, Esq.
Attorney for Plaintiff

9

10

## CERTIFICATE OF SERVICE

The foregoing Complaint has been filed electronically with the Cuyahoga County Common Pleas Court on this 8th day of December, 2015. and copies of said Complaint shall be served on Defendants by the Cuyahoga County Clerk of Courts. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


_____//s Wiliam A. Carlin_____
William A. Carlin, Attorney for Plaintiff

11